CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

AUG 2 5 2015

JULIA C. DUDLEY, CLERK
BY: /s/ J. Clark
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : Case No. 1:15CR29 |
| TONY MICHAEL SPENCER | : Violations: 18 U.S.C. §§ 2252, 2252A |
| | : 26 U.S.C. § 5861(d) |

## INDICTMENT

### COUNT ONE

The Grand Jury charges that:

1. On or about and between January 1, 2015, and August 6, 2015, in the Western District of Virginia and elsewhere, TONY MICHAEL SPENCER knowingly received, using any means and facility of interstate or foreign commerce, one or more visual depictions, namely digital video and/or image files, and the production of such visual depictions involved the use of a minor engaging in sexually explicit conduct and the visual depictions were of such conduct.

2. All in violation of Title 18, United States Code, Sections 2252(a)(2) and 2252(b)(1).

### COUNT TWO

The Grand Jury charges that:

1. On or about August 6, 2015, in the Western District of Virginia and elsewhere, TONY MICHAEL SPENCER knowingly possessed and accessed with intent to view, material which contains an image of child pornography, as defined in 18 U.S.C. § 2256(8)(A), that involved a minor, and which was produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

*USAO # 2015R00476*

2. All in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2).

## COUNT THREE

The Grand Jury charges that:

1. On or about August 6, 2015, in the Western District of Virginia and elsewhere, TONY MICHAEL SPENCER knowingly possessed a shotgun having a barrel of less than eighteen inches in length, and a weapon made from a shotgun having an overall length of less than twenty-six inches and a barrel of less than eighteen inches in length, and which was not registered to him in the National Firearms Registration and Transfer Record, namely,

Harrington & Richardson .410 gauge single-shot shotgun.

2. All in violation of Title 26, United States Code, Sections 5841, 5861(d), and 5871.

## NOTICE OF FORFEITURE

1. Upon conviction of one or more of the felony offenses alleged in this Indictment, the defendant shall forfeit to the United States:

   a. any firearms involved in the commission of a violation of 26 U.S.C. § 5861(d), pursuant to 26 U.S.C. § 5872 and 28 U.S.C. § 2461(c).

   b. any visual depiction described in section 2251, 2251A, or 2252, 2252A, 2252B, or 2260 of Title 18, or any book, magazine, periodical, film or videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Title 18, United States Code, Chapter 110; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property, pursuant to 18 U.S.C. § 2253.

2. The property to be forfeited to the United States includes but is not limited to the following property:

### Firearms and Ammunition

Harrington & Richardson .410 gauge single-shot shotgun, s/n: AX463014

### Computer Equipment

a. Samsung Galaxy 4
b. Samsung Galaxy 4
c. Toshiba laptop
d. ASUS Notebook computer
e. Seagate computer device
f. Nemko computer device
g. Acer Aspire laptop
h. Toshiba laptop
i. IBM internal hard drives
j. Hitachi internal hard drive
k. 269 optical media disks
l. Gateway laptop
m. Toshiba computer
n. Google Proscan w/ 3 external hard drives
o. 13 flash media devices
p. Apple Ipod
q. Samsung cellphone with flash media device

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with a third person;
c. has been placed beyond the jurisdiction of the Court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p).

A TRUE BILL, this 25th day of August, 2015.

_____  s/ Grand Jury Foreperson

/s/ ANTHONY P. GIORNO
United States Attorney